# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MILTON HOWARD,** | ) | CASE NO.1:15CR320 |
| | ) | 1:17CV939 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #59). Petitioner contends that his counsel provided ineffective assistance. The Government filed a Response in Opposition to Petitioner's Motion (ECF#65). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On February 9, 2016, Petitioner entered a guilty plea to Conspiracy, Access Device Fraud, Interstate Transportation of Goods Taken by Fraud and Aggravated

1

Identity Theft. The Court sentenced Petitioner to a 15-month sentence as to Counts One, Two and Three, to run concurrently, followed by a consecutive two year term of imprisonment as to Count Four and two years of Supervised Release.

On May 3, 2017, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence asserting three Grounds for Relief alleging ineffective assistance of counsel. On June 28, 2017, Respondent filed a Response in Opposition to Petitioner's Motion.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Petitioner contends that he was denied effective assistance of counsel. To make an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate

performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland,* the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

Petitioner alleges that counsel was ineffective during Petitioner's plea and therefore, the plea was not knowing and voluntary. The record contradicts Petitioner's argument. At the guilty plea hearing, Petitioner informed the Court that he did not understand the potential consequences of the guilty plea and the offense level. The Court ordered a recess for Petitioner to discuss the case with counsel. Following the recess, Petitioner swore under oath that he understood everything in the case including the maximum penalties. The Court conducted a thorough plea colloquy, again verifying that Petitioner discussed the Sentencing Guidelines with counsel. The Court verified that Petitioner had no further questions and was satisfied that the plea could go forward.

The Court finds that Petitioner's claim that counsel was ineffective at the plea stage of his case is without merit. Petitioner asserted on the record that he understood the various sentencing enhancements that he now claims were not explained to him.

3

Ground Three is denied.

Petitioner argues that counsel was ineffective for failing to argue against the sentence enhancements. The Probation Officer in the Presentence Report ("PSR") calculated Petitioner's base offense level under United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1 at 6. The Probation Officer recommended a four-level enhancement under U.S.S.G. § 2B1.1(b)(1)(C), based on the loss amount of $33,875.68; a two-level enhancement under U.S.S.G. §2B1.1(b)(2)(A)(1), because the offense involved more than 10 victims; a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(A), because Petitioner used the fraudulent credit accounts in different jurisdictions and a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i), because Petitioner used the Social Security numbers and personal identifiers of four individuals to open credit accounts.

The Probation Officer also recommended a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), resulting in total offense level 13. At Criminal History Category I, the resulting Guidelines range was 12-18 months imprisonment as to Counts One, Two and Three, followed by the statutorily-mandated consecutive two-year term of imprisonment required by Count Four. Counsel filed a ten page Sentencing Memorandum disputing the enhancements.

At sentencing the Court acknowledged the objections and directed both defense counsel and the Government to argue their positions on the record. After hearing both arguments, the Court accepted the Government's position and thoroughly explained its decision. In attempting to establish that an attorney's performance was deficient, a

defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* 687-88. Petitioner fails to show that counsel's performance was deficient simply because the Court did not accept counsel's arguments.

Petitioner argues that counsel failed to address the multiple sentencing enhancements which amounted to double counting. Petitioner cites *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1990). Respondent points out that *Farrow* does not establish that there was double counting by applying the enhancements in this case. While *Farrow* addressed the issue of impermissible double counting, the double counting at issue in that case related to "Farrow's use of his car, and no other aspect of his conduct, that triggered both the base offense determination and the application of the enhancement." 198 F.3d at 195. Counsel was not ineffective for failing to address the issue of double counting. "[C]ounsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

At sentencing, the Court made clear that it is permissible to apply multiple enhancements that penalize different aspects of criminal conduct, as was done in this case. The Court finds that Petitioner fails to show that his constitutional rights were violated or infringed. Therefore, Grounds One and Two are without merit.

Petitioner has not demonstrated that his counsel's representation was objectively unreasonable. This Court finds Petitioner has not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984).

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

<u>August 4, 2017</u>           <u>s/Christopher A. Boyko</u>
Date                                    CHRISTOPHER A. BOYKO
                                            United States District Judge